UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

LEONILA DELAO ALVAREZ, <u>et al.</u>,   )
    Plaintiffs,                        )
                                       )
    v.                                 ) Civil Action No. 1:14cv490
                                       )
READYCLEAN INDUSTRIAL                 )
SERVICES, INC., <u>et al.</u>,             )
    Defendants.                        )

<u>REPORT AND RECOMMENDATION</u>

THIS MATTER comes before the Court on Plaintiff's Motion

for Award of Attorneys' Fees and Costs.   (Dkt. 64.)   On

September 3, 2014, the undersigned Magistrate Judge entered a

Report and Recommendation finding that plaintiffs were entitled

to default judgment against defendants ReadyClean Industrial

Services, Inc. and Beacon Facilities Management, LLC.   (Dkt.

33.)[1]   On March 6, 2015, the undersigned Magistrate Judge entered

a second Report and Recommendation finding that plaintiffs were

entitled to default judgment against defendants Michael Tuck and

Sabrina Tuck.   [2]   On June 1, 2015, plaintiffs filed the instant

Motion for Award of Attorneys' Fees and Costs and supporting

memorandum, statements of fees, and declarations in support

thereof.   Defendants have not filed any opposition to

---

[1] On December 16, 2014, the Honorable Gerald Bruce Lee entered an Order
adopting the findings in the first Report and Recommendation, and directing
plaintiffs to submit a motion for damages.   (Dkt. 41.)
[2] On May 14, 2015, the Honorable James C. Cacheris entered an Order adopting
the findings in the second Report and Recommendation, entering default
judgment in favor of plaintiffs against all defendants, and awarding damages
to plaintiffs.   (Dkt. 62.)

plaintiffs' submissions.

## I.   INTRODUCTION

Plaintiffs were granted default judgment on their claims that defendants failed to properly compensate them for their work in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq..  This case involved nine plaintiffs who worked for the defendants as cleaning and maintenance staff. Plaintiffs brought suit under FLSA against defendants for failure to pay appropriate wages, and for charging an inappropriate "check cashing" fee.  This Court found that all defendants were in default, and that they were jointly and severally liable for damages in the total amount of $18,776.80. (Dkt. 62.)  In recommending that default judgment be entered, the undersigned Magistrate Judge found that attorneys' fees are recoverable under FLSA, but did not evaluate what amount was due to plaintiffs' attorneys. (Dkt. 61.)

## II.   STANDARD

29 U.S.C. § 216(b) states that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  Plaintiffs bear the burden of establishing that the attorneys' fees they seek are reasonable. Plyer v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990) ("[T]he burden

rests with the fee applicant to establish the reasonableness of a requested rate.")

Determining the reasonableness of the number of hours expended and rate charged requires consideration of the following twelve factors (hereinafter the "Barber factors"):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Barber v, Kimbrell's, Inc., 577 F.2d 216, 226, n.28 (4th Cir. 1978)(adopting twelve factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by* Blanchard v. Bergeron, 489 U.S. 87 (1989)). "Any award must be accompanied by detailed findings of fact with regard to the factors considered." Barber, 577 F.2d at 226.

Once the Court determines the lodestar figure, the Court should subtract fees unrelated to any successful claims, and then "award some percentage of the remaining amount, depending on the degree of success enjoyed by the Plaintiff." Robinson, 560 F.3d at 244.

## III. ANALYSIS

Plaintiffs seek reimbursement for a total of $134,822.50 for attorneys' fees and costs.[3] This figure is comprised of work hours expended by McDermott Will & Emery partner Mark Churchill who has been practicing law for approximately 15 years and whose billable rate ranged from $450 to $460 per hour during the course of this litigation; by McDermott Will & Emery associate Mary Hallerman who has been practicing law for approximately 4 years and whose billable rate ranged from $250 to $300 per hour during the course of this litigation; by McDermott Will & Emery associate Andrea Alegrett who has been practicing law for approximately 4 years and whose billable rate ranged from $250 to $300 per hour during the course of this litigation; and by Legal Aid Justice Center attorney Ivy Finkenstadt who has been practicing law for approximately 13 years and whose billable rate was $410 per hour for this matter; as well as costs incurred by McDermott Will & Emery throughout the litigation.[4] All attorneys began billing work to plaintiffs' matter in December 2013 and the invoices submitted for reimbursement end

---

[3] Plaintiff provided a full report of time expended by attorneys of the law firm McDermott Will & Emery, LLP, on behalf of plaintiffs' claims in this case. (See Churchill Decl. Ex. 1.) Additionally, plaintiff provided a full report of time expended by Legal Aid Justice Center attorney Ivy Finkenstadt on behalf of plaintiffs' claims. (See Finkenstadt Decl. Ex. 1.)

[4] All requested attorneys' rates are those recommended by the U.S. Department of Justice Laffey Matrix rate, which are significantly lower than these attorneys' typical billable rates. (Churchill Decl. ¶¶ 10, 14, and 17.)

4

with the month of January 2015.

Work conducted by the attorneys in this case involved researching the FLSA and then drafting the Complaint. Defendants began this case by resisting all relief requested and engaging counsel for its defense.  Plaintiffs' counsel accordingly prepared initial disclosures and began conducting discovery.  Then, defendants completely withdrew from the case, resulting in time spent by counsel moving to compel discovery responses, moving for sanctions, and finally moving for damages.

The Court now considers the Barber factors.  The Court finds that factors (7) (time limitations) and (11) (the nature and length of the attorney-client relationship) are not significant factors.  Considering all other factors, the undersigned finds that some of plaintiffs' attorneys' hours were excessive given the nature of this case.  The undersigned has calculated that attorneys at McDermott Will & Emery spent 96.75 hours between December 18, 2013 and May 12, 2014 investigating, drafting, and filing the initial Complaint.  A further 82 hours were spent between May 23, 2014 and July 17, 2014 on conducting discovery.  Between July 18, 2014 and January 30, 2015, another 150.25 hours were expended preparing, filing, and arguing motions to compel and motions for sanctions following defendants' decision to no longer participate in this case.

Finally, 23.20 hours were expended by Legal Aid attorney Ivy Finkenstadt assisting the firm attorneys with the case.

Factors (1), (2), (3), (6) and (8) all suggest a reduction in hours is appropriate. First, this is not a particularly complex case, nor one which would require a great deal of specific expertise to litigate. Plaintiffs' counsel argues that they expected the damages would have been higher if they had been able to get discovery from defendants; however, defendants frequently default in this type of case and therefore attorneys cannot count on discovery to increase the potential provable damages or value of the case. Given the lack of complexity, and the relatively low damages available in this case, the undersigned finds that the hours expended preparing the Complaint and expounding discovery are excessive, and instead reduces them by half as detailed below. However, all hours spent by attorneys on the numerous motions plaintiffs had to file in order to proceed to the default stage are reasonable and a natural result of defendants' decision to initially participate, and then withdraw from this case. Additionally, the undersigned finds that the hours expended by the Legal Aide Justice Center are reasonable and appropriate.

As to the fees, the undersigned finds that they are reasonable. The attorneys have all requested rates within the

Laffey matrix. This Court has found that "the Laffey Matrix is used as a guideline for reasonable attorneys' fees in the Washington/Baltimore area." Galvez v. Americlean Servs. Corp., 2012 U.S. Dist. LEXIS 91070, at *14 n.6 (E.D. Va. June 29, 2012. Further, as to the reasonableness of counsel's rates, the Court considers the Memorandum Opinion and Order issued in Vienna Metro LLC v. Pulte Home Corp., Case No. 1:10-cv-502, in which the Court accepted the opinion offered by Mr. Craig Reilly in establishing the prevailing market rates offered in Northern Virginia. Although that case involved real estate related claims, the firms surveyed included those engaging in litigation of a variety of other cases. McDermott Will & Emery has a solid reputation in this area for providing high-quality representation and possessing reliable experience. Therefore, considering Barber factors (5), (12), and (9) the Court finds that the rates charged in this case are below the prevailing rates for attorneys with similar experience and ability and, thus, finds that they are reasonable.

Additionally, although the fees charged in this case do significantly outweigh the damages suffered by plaintiffs, the Court recognizes that this type of case is often undesirable given the low damage amounts and likelihood of default by defendants (Barber factor (10)). FLSA claims are often brought against defendants from whom relief is difficult to obtain. The

7

Court considers this fact when assessing the opportunity costs
to the attorneys in pursuing the litigation (Barber factor (4)).
Taking into account these factors, a grant of attorneys' fees in
excess of damages is appropriate here in order to encourage
firms and attorneys to take on this type of litigation.  There
is nothing to suggest that any reduction in the "lodestar"
amount is necessary or appropriate.

Thus, the Court recommends that the total attorneys' fees
below be found to have been reasonably incurred in litigating
this case:

| Attorney: | Hours Expended (as Adjusted by Court): | Rate: | Totals: |
|---|---|---|---|
| **Mark Churchill** | | | |
| 12/18/13-5/12/14 | 9 | $450 | $4,050.00 |
| 5/23/14-7/17/14 | 10.125 | $450-460[5] | $4,652.50 |
| 7/18/14-1/30/15 | 110.25 | $460 | $50,715.00 |
| **Mary Hallerman** | | | |
| 12/18/13-5/12/14 | 20 | $250 | $5,000.00 |
| 5/23/14-7/17/14 | 14.375 | $250-300[6] | $4,300.00 |
| 7/18/14-1/30/15 | 21.75 | $300 | $6,525.00 |
| **Andrea Alegrett** | | | |
| 12/18/13-5/12/14 | 19.375 | $250 | $4,843.75 |
| 5/23/14-7/17/14 | 16.5 | $300 | $4,950.00 |
| 7/18/14-1/30/15 | 18.25 | $300 | $5,475.00 |
| **Ivy Finkenstadt** | 23.2 | $410 | $9,512.00 |
| | | **Total Fees:** | **$100,023.25** |

The total amount requested also includes $7,003.00 in costs
including postage, Lexis and Westlaw research fees, service of
process fees, and long distance phone costs.  Churchill Decl.

---

[5] One of Attorney Churchill's time entries during this period was charged at
the rate of $450, the remainder were at a rate of $460 per hour.
[6] One of Attorney Hallerman's time entries during this period was charged at
the rate of $250, the remainder were at a rate of $300 per hour.

Ex. 2. The undersigned finds that such costs are reasonable.

## IV. RECOMMENDATION

Accordingly, upon review of the invoices submitted in support of plaintiffs' request for an award of attorneys' fees, the undersigned recommends that plaintiffs be awarded a total of $107,026.25, comprised of $100,023.25 in attorneys' fees and $7,003.00 in costs.

V.    NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendants at the following addresses:

    ReadyClean Industrial Services, Inc.
    9306 Ravenridge Road
    Baltimore, MD  21234

    Beacon Facilities Management, LLC
    9306 Ravenridge Road
    Baltimore, MD  21234

    Sabrina Tuck
    9306 Ravenridge Road
    Baltimore, MD  21234

    Michael Tuck
    9306 Ravenridge Road
    Baltimore, MD  21234

    Michael Tuck
    5153 Baltimore National Pike
    Baltimore, MD  21229

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

August 26, 2015
Alexandria, Virginia

10